UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EDWARD LYONS, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-74 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| TECUMSEH LOCAL SCHOOL DISTRICT, et al. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendants, | : | |

---

ENTRY AND ORDER DENYING DEFENDANTS'
MOTION FOR FEES (DOC. NO. 19)

---

Presently before the Court is Defendants' Motion for Fees (the "Motion"), filed by Tecumseh Local School District (the "District") and the District's Superintendent Paula Crew ("Crew") (collectively "Defendants"). (Doc. No. 19.) Plaintiff Edward Lyons ("Lyons") filed the instant action against Defendants alleging First Amendment retaliation in violation of 42 U.S.C. § 1983.[1] (Doc. No. 9.) The Court most recently granted Defendants' Motion for Judgment on the Pleadings (Doc. No. 12), finding Lyons failed to sufficiently plead a causal connection between his protected speech and Defendants' adverse employment action against him. (Doc. No. 15 at PageID 129-32.) Now, Defendants seek an order awarding them their attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. (Doc. No. 19 at PageID 139.) Defendants contend that Lyons' First Amendment retaliation claim was wholly frivolous from the outset of this litigation. (*Id.* at PageID 141-48.) Lyons—having since appealed the Court's Entry and Order Granting Defendants' Motion for Judgment on the Pleadings (the "Order") (Doc. No. 15)—disagrees. (*See*

---

[1] Lyons additionally alleged a state law claim for violation of the Ohio Constitution, but subsequently consented to the dismissal of this claim. (Doc. No. 13 at PageID 100.)

1

Doc. No. 20.) For the reasons set forth herein, the Court **DENIES** Defendants' Motion.

I. **BACKGROUND**

Since 1995, Lyons has been employed by the District as a seventh-grade social studies teacher at Tecumseh Middle School in New Carlisle, Ohio ("TMS")). (Doc. No. 9 at PageID 54.) For some time leading up to the calendar year 2020, Lyons began perceiving of issues with the District's handling of student misconduct. (*Id.*) Lyons was allegedly "troubled by the instances of students acting out towards teachers and administrators without consequence." (*Id.*) Sharing his frustration, leadership in the local teachers' union asked Lyons to speak on the issue of student misconduct at the District's board meeting on February 25, 2020 (the "Board Meeting"). (*Id.*) At this meeting, several teachers complained to the board and Crew of the District's failure to address student misconduct. (*Id.*) Lyons was the last to speak and he allegedly only provided brief remarks cosigning the statements made by his colleagues. (*Id.*) Following the Board Meeting, Lyons continued teaching seventh-grade social studies at TMS. (*Id.*) Lyons taught through the remainder of the 2019-2020 school year and for the entirety of the 2020-2021 school year without incident. (*Id.*)

On November 5, 2021, Lyons had a physical confrontation with one of his seventh-grade students when the student attempted to go to the restroom without first asking permission. (*Id.*) Unbeknownst to Lyons, another student in his class made a video recording of the described incident. (*Id.* at PageID 57.) That video was circulated among the student body, TMS administration, Crew, and the local authorities.[2] (*Id.* at PageID 57-60.) The District then placed Lyons on administrative leave pending the District's investigation of the incident. (*Id.* at PageID

---

[2] WHIO Staff, Tecumseh middle school teacher on leave after 'extended physical altercation' in classroom, WHIOTv7 (Nov. 17, 2021, 10:37 AM), https://www.whio.com/news/local/tecumseh-middle-school-teacher-leave-amid-investigation/KRJZP4JIT5A3VCTBXYZQLFBGU4/.

57.)

On November 12, 2021, Defendants provided Lyons with a Notice of Disciplinary Charges and Pre-Disciplinary Hearing (the "Charges") and placed a copy in his personnel file. (Doc. No. 9-1.) Lyons alleges that the Charges mischaracterized the subject event by stating that Lyons "placed his arm around the student's neck" and that Lyons' purported reason for initiating and continuing the altercation was the child's failure to say "please" when asking permission to go to the restroom. (Doc. Nos. 9 at PageID 57-58; 9-1 at PageID 65.) Following the pre-disciplinary hearing, Defendants served Lyons with a Notice of Suspension, placing Lyons on a five-day unpaid suspension. (Doc. Nos. 9 at PageID 59; 9-2.) This disciplinary action was ultimately mitigated to a three-day paid suspension in union arbitration proceedings. (Doc. No. 9 at PageID 59.)

Lyons believed that Defendants' disciplinary action against him for the November 5, 2021, incident was taken in retaliation for his remarks at the February 2020 Board Meeting. (*Id.* at PageID 62.) Lyons thus instituted the current action, alleging retaliation for the exercise of free speech protected by the First and Fourteenth Amendment of the U.S. Constitution in violation of 42 U.S.C. § 1983. (Doc. No. 9 at PageID 62-63.) On July 31, 2023, Defendants filed Defendants' Motion for Judgment on the Pleadings (Doc. No. 12), which the Court granted on October 3, 2023 (Doc. No. 15). Lyons has since appealed the Court's Order. (Doc. No. 17.)

Defendants filed the present Motion seeking an award of attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927 on November 14, 2023. (Doc. No. 19.) Lyons submitted his Response to Defendants' Motion on December 4, 2023 (Doc. No. 20), and Defendants did not file a reply. The Motion is now ripe for review and decision.

**II.     LEGAL STANDARD**

In keeping with the ubiquitous "American Rule," litigants in the federal legal system are

3

generally required to bear their own litigation costs such as attorney's fees. *Fox v. Vice*, 563 U.S. 826, 832 (2011) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y.*, 421 U.S. 240, 247 (1975)). Nevertheless, Congress has enacted statutes that "authorize courts to deviate from this background rule in certain types of cases by shifting fees from one party to another." *Fox*, 563 U.S. at 832 (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Two such statutes are 42 U.S.C. § 1988(b) and 28 U.S.C. § 1927. *See Fox*, 563 U.S. at 832. (applying 42 U.S.C. § 1988(b)); *see also Royal Oak Ent., LLC v. City of Royal Oak*, 316 Fed. App'x. 482, 487 (6th Cir. 2009) (applying 28 U.S.C. § 1927).

Regarding Section 1988, the statute permits an award of reasonable attorney's fees to the prevailing party in proceedings brought for the vindication of civil rights. 42 U.S.C. § 1988(b). It states:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title. . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

*Id.* Courts are relatively unrestrained in their discretion to award attorney's fees to prevailing plaintiffs in civil rights litigation. *See e.g.*, *Christiansburg Garment Co. v. EEOC*, 424 U.S. 412, 416-17 (1978) ("under [Section 1988] a prevailing *plaintiff* is to be awarded attorney's fees in all but special circumstances" (emphasis in original)). A prevailing civil rights plaintiff is thought to serve "as a private attorney general, vindicating a policy that Congress considered of the highest priority." *Fox*, 563 U.S. at 833 (quoting *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402 (1968)) (internal quotation marks omitted). Accordingly, a prevailing civil rights plaintiff rightly recovers "'what it cos[t] [him] to vindicate [civil] rights.'" *Fox*, 563 U.S. at 833 (quoting *Riverside*

4

*v. Rivera*, 477 U.S. 561, 577-78 (1986)) (alterations in original).

By contrast, where a prevailing civil rights defendant seeks to recover attorney's fees under Section 1988 courts are faced with "'quite different equitable considerations.'" *Fox*, 563 U.S. at 833 (quoting *Christiansburg*, 424 U.S. at 419). Namely, district courts must bear in mind that awarding attorney's fees to a prevailing defendant under Section 1988 may chill future efforts to enforce civil rights statutes. *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 433 (6th Cir. 2017) (quoting *Riddle v. Egensperger*, 266 F.3d 542, 551 (6th Cir. 2001)). To this end, "[p]revailing § 1983 defendants face a higher bar than their prevailing plaintiff counterparts." *Kidis v. Reid*, 976 F.3d 708, 722 (6th Cir. 2020) (internal citations omitted). Generally, a prevailing civil rights defendant may not recover fees under Section 1988 unless "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 722-23 (quoting *Michigan Flyer*, 860 F.3d at 433) (internal citations and quotation marks omitted). Importantly, courts must take care to "resist the understandable temptation to engage in *post hac* reasoning by concluding that, because a plaintiff did not ultimately prevail," the plaintiff's action was groundless to begin with. *Christiansburg*, 434 U.S. at 421-22. Ultimately, "awarding fees against a losing civil rights plaintiff is an extreme sanction" reserved for "truly egregious cases of misconduct." *Kidis*, 976 F.3d at 723 (quoting *Sagan v. Sumner Cnty. Bd. of Educ.*, 501 Fed. App'x. 537, 541 (6th Cir. 2012)) (internal citations and quotation marks omitted).

Barring a simple fee shifting between parties, Section 1927 authorizes courts to hold a party's counsel liable for excessive costs. 28 U.S.C. § 1927. This statute briefly provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct. *Id.* In short, Section 1927 constitutes a sanction that may imposed upon an attorney who "objectively 'falls short of the obligations owed by a member of the bar to the court.'" *Kidis*, 976 F.3d at 723 (quoting *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 968 (6th Cir. 2018)).

The attorney in question need not display subjective bad faith to impose sanctions under Section 1927. *Id.* However, the attorney's conduct must go beyond mere negligence. *Id.* In other words, "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were unreasonably multiplied." *Riddle*, 266 F.3d at 553 (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)) (internal quotation marks omitted). Moreover, "[a] sanction [under Section 1927] is generally improper where a successful motion could have avoided any additional legal expenses by defendants." *Id.* (quoting *In re Ruben*, 825 F.2d 977, 988 (6th Cir. 1987)) (internal quotation marks omitted).

### III. ANALYSIS

Defendants have requested that the Court hold Lyons and his attorney jointly and severally liable for Defendants' attorney's fees pursuant to both Section 1988 and Section 1927. (Doc. No. 19 at PageID 148.) The Court thus addresses Defendants' requests regarding Section 1988 and Section 1927 in turn.

#### A. 42 U.S.C. § 1988

Turning first to Section 1988, Defendants argue that Lyons frivolously filed the current action as a "retributive lawsuit." (*Id.* at PageID 142.) To support this assertion, Defendants claim that Lyons' failure to sufficiently plead a causal connection between his speech and Defendants' adverse employment action against him rendered Lyons' claims groundless from the start. (*Id.* at PageID 146.) In response, Lyons stands by the allegations in his complaint—now before the Sixth

6

Circuit—and submits that an award of fees for Defendants under Section 1988 would be an extreme sanction. (Doc. No. 20 at PageID 174.) Lyons further argues that Defendants' Motion calls upon the Court to engage in improper *post hac* reasoning. (*Id.* at PageID 177.)

The Court finds the Sixth Circuit's binding precedent in *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003) to be particularly instructive in this case. In *Tahfs*, the Sixth Circuit held that the plaintiff's complaint was properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) "because the plaintiff's complaint [did] not plead facts, which, if proved, would show the [defendants] to be state actors for purposes of § 1983." *Id.* at 593. However, the Sixth Circuit reversed the district court's award of attorney's fees to the defendants, holding that a complaint "lacking in sufficient factual detail and specificity, is not, perforce. . . frivolous." *Id.* at 595. In essence, a plaintiff's failure to plead sufficient facts does not itself amount to the sort of egregious misconduct required to justify an award of attorney's fees to a prevailing civil rights defendant under Section 1988. *Id.* at 596.

With this understanding, an award of attorney's fees under Section 1988 in the instant case is unwarranted. The Court previously found that Lyons failed to sufficiently plead facts establishing a causal connection between his speech and the adverse employment action Defendants took against him. (Doc. No. 15 at PageID 131-32.) In short, Defendants filed a Rule 12(c) motion testing the sufficiency of Lyons' complaint and the complaint fell. The Court took no issue with the legal basis for Lyons' complaint. Rather, the fatal flaw in Lyons' complaint is the lack of sufficiently pleaded facts from which to draw a reasonable inference of liability under the law. (*Id.* at PageID 132.) This cannot be characterized as the sort of egregious misconduct by Lyons that would justify awarding fees pursuant to Section 1988. Indeed, even though Lyons "should have realized that his suit was unlikely to survive a [Rule 12(c)] motion . . . that alone

7

[does] not warrant the imposition of sanctions." *Tahfs*, 316 F.3d at 595. To find otherwise would require the type of *post hac* analysis that district courts have been instructed to avoid. *See Christiansburg* 434 U.S. at 421-22.

Therefore, Defendants' request for an award of attorney's fees under Section 1988 is **DENIED**.

### B. 28 U.S.C. § 1927

The Court must now determine whether to sanction Lyons' attorney, Stephen A. Simon ("Mr. Simon"), pursuant to Section 1927. For purposes of Section 1927, Defendants largely apply their arguments for fees under Section 1988 to Mr. Simon. (Doc. No. 19 at PageID 146-48.) Specifically, Defendants argue Mr. Simon was aware that Lyons' claims were frivolous and, therefore, Mr. Simon objectively fell short of his ethical obligations to the Court by continuing to litigate this case. (*Id.* at PageID 148.) In response, Mr. Simon contends that Defendants' request for Section 1927 sanctions is wholly without merit. (Doc. No. 20 at PageID 179.) More specifically, Mr. Simon argues that his actions in no way unreasonably and vexatiously multiplied these proceedings. (*Id.*)

The Court finds no basis to warrant sanctioning Mr. Simon pursuant to Section 1927 here. Because Defendants rely on the assertion that Lyons' complaint was demonstrably frivolous, much of the Court's analysis on this point is duplicative of the analysis provided above respecting Section 1988. As discussed above, Lyons' complaint cannot be considered frivolous simply because it was insufficiently pled. Moreover, the Court cannot identify any actions by Mr. Simon which otherwise unreasonably or vexatiously multiplied this litigation. Finally, Defendants properly avoided incurring additional unnecessary legal expenses by filing a successful motion at the pleading stage. Throughout, Mr. Simon has certainly represented his client, but he has not

8

objectively fallen short of his obligations to the Court in doing so. Therefore, Defendants' request for sanctions under Section 1927 is **DENIED**.

IV. <u>**CONCLUSION**</u>

Based on the foregoing, the Court **DENIES** Defendants' Motion for Fees (Doc. No. 19).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, January 5, 2024.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
